UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNIQUE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-2725-SHM-tmp |
| | ) | |
| MEMPHIS POLICE DEPARTMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER MODIFYING THE DOCKET;
DISMISSING FEDERAL CLAIMS WITH PREJUDICE;
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE;
DENYING LEAVE TO AMEND THE COMPLAINT;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING BROOKS OF STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g);
AND DISMISSING CASE IN ITS ENTIRETY**

On November 16, 2021, Plaintiff Unique Brooks filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and Tennessee law, and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Brooks was incarcerated at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee when Brooks filed the complaint.[1] (ECF No. 1-1 a PageID 19.) On November 24, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee

---

[1] In the complaint, Brooks stated that he was then confined at the SCCJC. (ECF No. 1 at PageID 1.) The Tennessee Department of Correction's (the "TDOC") Felony Offender Information website presently shows no active records for Brooks. (*See* https://foil.app.tn.gov/foil/results.jsp.) According to the Shelby County Criminal Justice System Portal, Brooks presently resides at a private address in Memphis. (*See* https://cjs.shelbycountytn.gov/CJS/Home/WorkspaceMode?p=0.) This record suggests that Brooks has not complied with the Court's November 24, 2021 Order that, *inter alia*, directed Brooks to notify the Court in writing if Brooks were transferred to a different prison or released. (*See* ECF No. 4 at PageID 26.)

pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  (ECF No. 4.)

The complaint arises from the alleged deprivation of Brooks's constitutional rights by, and emotional and property damages resulting from, the Defendants' conduct on six dates from February 23, 2020, through July 12, 2020.  (ECF No. 1 at PageID 6-16.)  Brooks asserts claims of:

(1) Deprivation of his Fourth Amendment right to be free from unreasonable search and seizure (*id*. at PageID 4, 6-8 & 10-11 (the "Unlawful Search And Seizure Claim"));

(2) Deprivation of his right to privacy (*id*. at PageID 6-8 & 14 (the "Privacy Claim"));

(3) False arrest (*id*. at PageID 8-9 & 10 (the "False Arrest Claim"));

(4) False imprisonment (*id*. (the "False imprisonment Claim"));

(5) Deprivation of medical care (*id*. (the "Medical Care Claim"));

(6) Defamation of character (*id*. at PageID 7, 10 & 14-15 (the "Defamation Claim"));

(7) Deprivation of his Fifth Amendment and Fourteenth Amendment right to due process of law (*id*. at PageID 4 (the "Due Process Claim"));

(8) Deprivation of his Fifth Amendment and Fourteenth Amendment right to be free from excessive force (*id*. (the "Excessive Force Claim"));

(9) Deprivation of his Eighth Amendment right to be free from cruel and unusual punishment (*id*. (the "Unconstitutional Punishment Claim"));

(10) Deprivation of his "right to be free from gender discrimination and retaliation for past action" (*id*. at PageID 4 & 12-14 (the "Discrimination And Retaliation Claim"));

(11) "Psychological damage" (*id*. at PageID 8-9, 10-13 & 15 (the "Emotional Damage Claim")); and

(12) Property damage (*id*. at PageID 9, 10 & 12 (the "Property Damage Claim")) (claims (1) – (10) *supra* are collectively referred to as the "Federal Claims"; claims (11) – (12) are collectively referred to as the "State Law Claims").

Brooks sues twenty-four (24) Defendants: (1) Memphis Police Department (the "MPD"); (2) MPD Officer Kenneth Southerland; (3) MPD Officer D. Cherry; (4) MPD Lieutenant F/N/U

2

Williams; (5) MPD Officer F/N/U Smith; (6) MPD Officer C. Davis; (7) MPD Officer B. Holloway; (8) MPD Officer J. Dillard; (9) MPD Officer W. Maness; (10) MPD Lieutenant F/N/U Twilley; (11) MPD Officer B. Harper; (12) MPD Officer E. Thomas; (13) MPD Officer D. Matthews; (14) MPD Officer J. Hoppers; (15) MPD Officer R. Towns; (16) MPD Officer T. Woods; (17) MPD Officer C. Webb; (18) MPD Sergeant P.D. Tate; (19) MPD Officer F/N/U Walker; (20) MPD Sergeant F/N/U Silvers; (21) MPD Officer R. Geronimo; (22) MPD Officer E. Moore; (23) MPD Officer J. Butler; and (24) the Commissioner of the Shelby County Police Department. (*Id*. at PageID 2.) Brooks sues Defendants (2) through (24) *supra* in their official and individual capacities. (*Id*.)

Brooks seeks: (1) unspecified injunctive relief; and (2) eleven million dollars ($11,000,000.00) in damages. (*Id*. at PageID 16.)

The Clerk is directed to modify the docket to add Defendants: (1) the City of Memphis, Tennessee[2]; and (2) Shelby County, Tennessee.[3]

The complaint (ECF No. 1) is before the Court.

For the reasons explained below, the Federal Claims are DISMISSED WITH PREJUDICE because they are time-barred. The Court declines to exercise jurisdiction over the State Law Claims, and they are DISMISSED WITHOUT PREJUDICE.

I.  **LEGAL STANDARD**

---

[2] "[P]olice departments are properly characterized as 'sub-units of the municipalities they serve.' [P]olice departments are not proper defendants in a Section 1983 action. Claims against a police department, however, can generally be construed as claims against the municipality of which it is a sub-unit." *Jackson v. City of Memphis Police Dep't*, No. 19-2316, 2020 WL 3816308, at *2 (W.D. Tenn. June 19, 2020) (internal citations omitted).

[3] To the extent Brooks sues the Commissioner of the Shelby County Police Department in the Commissioner's official capacity, Brooks's claims are treated as claims against the Commissioner's employer, Shelby County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 .S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

4

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.   REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Brooks's Federal Claims arise under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury through "reasonable diligence." *Edison*, 510 F.3d at 635; *Sevier*, 742 F.2d at 272.

Brooks alleges that all of his claims arose from the Defendants' conduct in Memphis, Tennessee, on February 23, 2020, May 13, 2020, June 15, 2020, June 28, 2020, July 11, 2020, and July 12, 2020. (ECF No. 1 at PageID 6-16.) The complaint demonstrates that Brooks knew of his alleged injuries when they occurred. Brooks signed the complaint on November 11, 2021. (*Id*. at PageID 17.) Construing the complaint liberally in Brooks's favor, the Court treats November 11, 2021, as the date on which Brooks gave the complaint to personnel at the SCCJC for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for federal *pro se* prisoner filings).

5

Brooks's Federal Claims are DISMISSED WITH PREJUDICE because all of the Federal Claims arose from the Defendants' alleged conduct that occurred before November 11, 2020.

Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal quotation marks omitted). Section 1367 grants district courts broad discretion on whether to exercise supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including 'values of judicial economy, convenience, fairness, and comity.'" *Id.* at 951–52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted). The Court DECLINES to exercise supplemental jurisdiction over Brooks's State Law Claims because the Court is dismissing all of the Federal Claims with prejudice. The State Law Claims for Emotional Damage and Property Damage are DISMISSED WITHOUT PREJUDICE.

### IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean,

6

of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

Brooks cannot cure the deficiencies in the complaint with an amendment because all of his Federal Claims are time-barred by the one-year statute of limitations for § 1983 claims in Tennessee. The Court DENIES leave to amend.

V.   **APPELLATE ISSUES**

The Court also considers whether to allow Brooks leave to appeal this decision *in forma pauperis* if he seeks to do so. A non-prisoner[4] desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Rule 24(a) provides that if the District Court permits a party to proceed *in forma pauperis* in that court, that party may also proceed on appeal *in forma pauperis* without further authorization. Unless the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id*. On that basis, it would be inconsistent for a District

---

[4] As noted *supra*, the Shelby County Criminal Justice System Portal shows that Brooks presently resides at a private address in Memphis. (*See* https://cjs.shelbycountytn.gov/CJS/Home/WorkspaceMode?p=0.)

Court to determine that a complaint should be dismissed before service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and to decline to exercise supplemental jurisdiction also support the conclusion that an appeal by Brooks would not be taken in good faith.

This Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Brooks would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Brooks appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

## VI.     NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Brooks's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VII.    CONCLUSION

For the reasons set forth above:

A. Brooks's Federal Claims are DISMISSED WITH PREJUDICE for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2). All of Brooks's Federal Claims are time-barred by the one-year statute of limitations for § 1983 actions in Tennessee;

  B. The Court DECLINES to exercise supplemental jurisdiction over Brooks's State Law Claims, and those claims are DISMISSED WITHOUT PREJUDICE;

  C. Leave to amend is DENIED. The Court recommends that this dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 2021 WL 1727619, at *1;

  D. The case is DISMISSED in its entirety;

  E. The Court CERTIFIES that an appeal by Brooks would not be taken in good faith; and

  F. The Court DENIES leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED, this 16th day of September, 2022.

        /s/ *Samuel H. Mays, Jr.*
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE